**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Michael WHITE, Defendant–Appellant.**

No. 07–10465.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Sept. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert Lawrence Ellman, Esquire, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, Elizabeth A. Olson, Esquire, Assistant U.S., U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Dan Maloney, Esquire, Michael K. Powell, Esquire, Federal Public Defender's Office, for Defendant–Appellant.

Before: FARRIS, SILER,* and BEA, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

## MEMORANDUM **

Defendant Michael White dropped a handgun after fleeing a consensual encounter with a police officer. White then moved to suppress the handgun, arguing that he was unlawfully seized and the handgun was the fruit of that illegal seizure. The district court denied White's motion to suppress, and White entered a conditional plea of guilty on the charge of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

Because the inquiry is one of both law and fact, we review a district court's determination of whether an encounter between a police officer and a defendant was a seizure de novo. *United States v. Chan–Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997) (citing *United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir.1994)).

A person is seized "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To determine whether an encounter moves beyond police questioning and constitutes a seizure, we look to the totality of the circumstances surrounding the encounter and ask whether a reasonable person in the same circumstances would feel that " 'he was not at liberty to ignore the police and go about his business.' " *Florida v. Bostick*, 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (quoting *Michigan v. Chesternut*, 486 U.S. 567, 569, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988)). However, not every encounter between law enforcement and citizens constitutes a seizure. *United States v. Menden-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*hall,* 446 U.S. 544, 552, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (noting that "not all personal intercourse between policemen and citizens involves 'seizures' of persons" (quoting *Terry,* 392 U.S. at 19, n. 16, 88 S.Ct. 1868)). Even without reasonable suspicion, a police officer may approach a citizen, ask him for identification, ask him questions, and request consent to search him without implicating the Fourth Amendment, as long as the police officer does not communicate to the citizen that compliance with the requests is required. *See, e.g., United States v. Drayton,* 536 U.S. 194, 200, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002) (holding that a defendant was not seized and voluntarily consented to a search when police officers boarded his bus, asked him questions to which he responded, and then allowed officers to search his bag and person after the officers asked to do so).

Here, the encounter between White and the officer was not a seizure, but rather a consensual encounter, wherein the officer merely asked questions and White was free to leave the encounter at any time. The officer approached White alone and in an non-threatening manner. Additionally, the encounter occurred in the open public space of a motel parking lot. Although the police officer did not explicitly tell White that White was free to leave, the officer's failure to do so does not render the encounter a seizure. *See United States v. Orman,* 486 F.3d 1170, 1176 (9th Cir.2007). Further, there was no evidence that White attempted to terminate the encounter but was unable to do so. *See United States v. Cormier,* 220 F.3d 1103, 1110 (9th Cir. 2000).

Where a suspect is not seized prior to his flight, the officer's pursuit of the suspect does not constitute a seizure; instead, the suspect is seized only when the officer physically apprehends the suspect. *See*

*California v. Hodari D.,* 499 U.S. 621, 629, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Here, White was not seized until the officer physically apprehended him.

When a suspect voluntarily discards evidence prior to his seizure and the police obtain that evidence, that evidence is not unlawfully obtained and is therefore admissible. *Hodari D.,* 499 U.S. at 629, 111 S.Ct. 1547. White was not seized before his flight from the officer or during his flight, and, therefore, White's voluntary abandonment of the handgun during his flight cannot be the fruit of a seizure. Consequently, the district court properly denied White's motion to exclude the handgun.

AFFIRMED.